PROB 12C(d)
(03/06)

April 29, 2008

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

FILED
08 MAY -8 AM 9:58
CLERK, U.S. DISTRICT
SOUTHERN DIST OF CALIFORNIA
BY Q

Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Estematis Rene SANCHEZ (Spanish)    **Dkt No.:** 08-CR-0127-001-JAH

**Reg. No.:** 06753-298

**Name of Sentencing Judicial Officer:** The Honorable John A. Houston, U.S. District Judge

**Date of Sentence:** February 11, 2008

**Original Offense:** 18 U.S.C. § 1001, False Statement to a Federal Officer, a Class D felony

**Sentence:** 60 days custody; 3 years supervised release. *(Special Conditions: If deported not reenter the United States. Supervision waived upon deportation.)*

**Type of Supervision:** Supervised Release    **Date Supervision Commenced:** February 14, 2008

**Asst. U.S. Atty.:** Caroline P. Han    **Defense Counsel:** Candis Lea Mitchell, Fed. Defs., Inc.
(Appointed)
(619) 234-8467

**Prior Violation History:** None.

---

## PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT**

Name of Offender: Estematis Rene SANCHEZ  April 29, 2008
Docket No.: 08-CR-0127-001-JAH  Page 2

---

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)**<br>Not commit another federal, state, or local crime. *(nv1)* | 1. On or about March 5, 2008, Mr. Sanchez, a previously deported alien, was found in the United States in violation of 8 U.S.C. § 1326, as evidenced by the information filed in the U.S. District Court, Southern District of California, Docket No. 08-CR-1023-001-DMS. |
| **(Special Condition)**<br>If deported, or returned to Mexico, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States. *(nv35)* | 2. On or about March 5, 2008, Mr. Sanchez, a previously deported alien, was found in the United States, as evidenced by the information filed in the U.S. District Court, Southern District of California, Docket No. 08-CR-1023-001-DMS. |

***Grounds for Revocation***: As to allegations 1 and 2, I received and reviewed the complaint (with probable cause statement) and information, which confirmed the following: On the above date, a U.S. Border Patrol agent responded to sensor activation in an area approximately nine miles east of the Tecate, California, Port of Entry, and 300 yards north of the United States/Mexico International Boundary fence. Upon arrival, the agent encountered four individuals, one later identified as Mr. Sanchez, trying to conceal themselves in surrounding brush. When questioned, all individuals including Mr. Sanchez, admitted to being citizens and nationals of Mexico without any documents allowing them to enter or remain in the United States legally.

Records revealed that Mr. Sanchez was previously deported from the United States on December 17, 2007.

On April 3, 2008, an information was filed in the U.S. District Court, Southern District of California, Docket No. 08-CR-1023-001-DMS, charging Mr. Sanchez with a violation of 8 U.S.C. § 1326(a) and (b), Deported Alien Found in the United States. On April 22, 2008, Mr. Sanchez pled guilty to the information and sentencing was scheduled for April 30, 2005, before U.S. District Judge Dana M. Sabraw.

PROB 12C(d)

| | |
|---|---|
| Name of Offender: Estematis Rene SANCHEZ | April 29, 2008 |
| Docket No.: 08-CR-0127-001-JAH | Page 3 |

**U.S. Probation Officer Recommendation:** If found in violation, that supervised release be revoked and the offender be sentenced to 10 months custody, consecutive to any sentence he may be serving, pursuant to USSG §7B1.3(f), p.s. (An Expanded Violation Worksheet, 12CW(d), has been attached for the Court's review.)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: April 29, 2008

Respectfully submitted:

Cynthia M. Poblete
Supervising U.S. Probation Officer

Attachments

/pjk

PROB 12C(d)

Name of Offender: Estematis Rene SANCHEZ                                   April 29, 2008
Docket No.: 08-CR-0127-001-JAH                                                        Page 4

**THE COURT ORDERS:**

    A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

    (Currently detained at Metropolitan Correctional Center, San Diego, California, under Registration No. 06753-298)

_____ Other _____

The Honorable John A. Houston
U.S. District Judge

Date: 5-5-08

# EXPANDED VIOLATION WORKSHEET

1. **Defendant:** SANCHEZ, Estematis Rene

2. **Docket No.** (Year-Sequence-Defendant No.): 08-CR-0127-001-JAH

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | Deported Alien Found in the United States | B |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))  [B]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))  [I]

6. **Statutory Maximum Term** (*Custody*) (*See* 18 U.S.C. § 3583(e)(3))
   Upon finding of a violation, the court may modify the conditions of supervision; extend the term if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. If the court revokes supervised release, the maximum term of imprisonment upon revocation is:  [24 months]

7. **Range of Imprisonment** (*Custody*) (*See* USSG § 7B1.4(a))
   A Grade B violation with a Criminal History Category establishes an imprisonment range of:  [4-10 months]

8. **Statutory Maximum Term** (*Supervised Release*) (*See* 18 U.S.C. § 3583(b))
   If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. In this case, the court has the authority to reimpose a term of:  [36 months]

9. **Recommendation:**  [10 months custody, consecutive to any other sentence being served. *See* USSG § 7B1.3(f)- w/ no supervised release to follow]

_____                         April 29, 2008
                                                  Date